|   |   |
|---|---|
| Phillip J. Haberthur, WSBA #38038<br>E-mail: philh@landerholm.com<br>Joseph Vance, WSBA #25531<br>E-mail: joe.vance@landerholm.com<br>Jason M. Rosenbaum, WSBA #61903<br>E-mail: jason.rosenbaum@landerholm.com<br>LANDERHOLM, P.S.<br>805 Broadway Street, Suite 1000<br>Vancouver, WA  98660<br>Telephone:  (360) 696-3312<br><br>Brad E. Smith, WSBA #16435<br>E-mail: brads@ettermcmahon.com<br>Etter, McMahon, Lamberson, Van Wert &<br>Oreskovich, P.C.<br>618 West Riverside Avenue, Suite 210<br>Spokane, WA 99201<br>Telephone: (509) 747-9100<br><br>Of Attorneys for Plaintiffs | The Honorable David G. Estudillo |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DALE AND LETA ANDERSON, HUSBAND AND WIFE; AND AS TRUSTEES FOR THE ANDERSON FAMILY TRUST,<br><br>             Plaintiffs,<br>      v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>             Defendant. | Case No. 3:20-CV-05119-DGE<br><br>**PLAINTIFFS' MOTION FOR STATUTORY DAMAGES, PREJUDGMENT INTEREST, REASONABLE ATTORNEY FEES, AND NONTAXABLE COSTS**<br><br>**NOTE ON MOTION CALENDAR: June 21, 2024** |

## I. INTRODUCTION

Following entry of judgment on the jury's unanimous verdict in their favor, Plaintiffs Dale and Leta Anderson move: (i) for an award of statutory treble damages against Defendant State Farm Fire and Casualty Company ("State Farm") under Washington's Consumer Protection Act (CPA); (ii)  to amend the judgment to include prejudgment interest on the jury's award of liquidated damages; and (iii) for an award



of reasonable attorney fees and nontaxable litigation costs under the CPA and the Washington Supreme Court's decision in *Olympic Steamship Company v. Centennial Insurance Company*, 117 Wn.2d 37, 811 P.2d 673 (1991).

As detailed below, an award of statutory damages will serve the important public interests underlying the CPA, while including prejudgment interest is necessary to compensate the Andersons for the years-long loss of $1,000,000 they were forced to pay out-of-pocket after State Farm wrongfully denied coverage for claims asserted against them. And for the reasons set forth below and in the accompanying Declarations of Phillip Talmadge (the "Talmadge Decl."), Joseph Vance (the "Vance Decl.") and Brad Smith (the "Smith Decl."), an award of attorney fees and non-taxable litigation costs is necessary to make the Andersons whole for the expense incurred to prove State Farm's bad faith and self-serving conduct, culminating in the jury's unanimous verdict in their favor after a five-day trial. *See Panorama Vill. Condo. Owners Ass'n Bd. of Directors v. Allstate Ins. Co.*, 144 Wn.2d 130, 144, 26 P.3d 910, 917 (2001) ("It is the purpose of the *Olympic Steamship* exception to make an insured whole when he is forced to bring a lawsuit to obtain the benefit of his bargain with an insurer.").

Accordingly, and as detailed below, the Andersons respectfully request the Court enter an order awarding $25,000.00 in treble damages, amending the judgment to include $572,750.97 in prejudgment interest, and awarding the Andersons $371,958.00 in reasonable attorney fees and $88,935.06 in non-taxable litigation costs.

## II. <u>RELEVANT BACKGROUND</u>

The Court is familiar with the underlying facts in this matter, and thus the Andersons summarize only the pertinent details here. In the early 1990s, State Farm agents failed to procure umbrella insurance covering claims arising from the Andersons' apartment complexes—the primary source of their wealth and exposure to risk—and failed to advise the Andersons that they lacked coverage on those assets.

PLAINTIFFS' MOTION FOR STATUTORY DAMAGES,
PREJUDGMENT INTEREST, ATTORNEY FEES,
AND NONTAXABLE COSTS - 2
ANDD02-000037- 6787674v3



805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98666
T: 360-696-3312 • F: 360-696-2122

Dkt. 51, ¶ 3.5. In late 1997, Angelica Trejo purportedly fell from the second-floor balcony of one of those apartments. Dkt. 51, ¶ 3.7. Several years later, an attorney for the Trejo family contacted the Andersons about claims arising from her alleged injuries. Dkt. 51, ¶ 3.9. The Andersons tendered the claim to State Farm, which assigned adjuster Carol Funk to act as claim representative. Dkt. 51, ¶ 3.10. Funk closed her file after a perfunctory investigation, leaving the Andersons unknowingly exposed to significant liability in excess of their effective policy limits. Dkt. 51, ¶ 3.17–18.

Years later, Trejo sued the Andersons, alleging serious injuries as the result of the alleged fall. Dkt. 51, ¶ 3.20. When the Andersons sought coverage for her claims, State Farm notified them for the first time that their umbrella policy did not apply to their investment properties. As a result, and due to Funk's failure to adequately investigate or attempt settlement of Trejo's claim in the early 2000s, the Andersons were ultimately forced to contribute $1,000,000 from their personal assets toward settlement of Trejo's claims. Dkt. 51, ¶ 3.30. The Andersons thereafter sued State Farm alleging, among other claims, that its acts and omissions were negligent, a breach of its duty of good faith, and violated the CPA. *See generally* Dkt. 51. On May 15, 2024, after a five-day trial, the jury returned a verdict in favor of the Andersons on all claims, awarding them the full $1,000,000 in damages they were forced to contribute to the Trejo settlement. Dkt. 103. On May 16, 2024, the Court entered judgment on the verdict in the amount of $1,000,000. Dkt. 104. The Andersons now move to amend the judgment to include statutory treble damages and prejudgment interest, as well as for an award of reasonable attorney fees and nontaxable litigation costs.

### III.    ARGUMENT

**A.    The Court should award statutory damages under the CPA.**

The Andersons first move for an award of treble damages, in the amount of $25,000.00, based on the jury's verdict that State Farm's actions violated the

PLAINTIFFS' MOTION FOR STATUTORY DAMAGES,
PREJUDGMENT INTEREST, ATTORNEY FEES,
AND NONTAXABLE COSTS - 3
ANDD02-000037- 6787674v3



805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98666
T: 360-696-3312 • F: 360-696-2122

Washington CPA. *See* Dkt. 103 at 2. That statute provides, in pertinent part, that where a plaintiff establishes injury as the result of unfair or deceptive acts or practices, "the court may, in its discretion, increase the award of damages up to an amount not to exceed three times the actual damages sustained" which award "may not exceed twenty-five thousand dollars." Wash. Rev. Code § 19.86.090.

Courts in this district have recognized the important public policy objectives underlying the CPA's provision for treble damages—particularly in cases involving an insurer's breach of its duties to an insured. *See, e.g.*, *Gamble v. State Farm Mut. Auto. Ins. Co.*, C19-5956 MJP, 2022 WL 92985, at *7 (W.D. Wash. Jan. 10, 2022) ("The Court finds an award of treble damages to be appropriate and in line with the purposes of the CPA. The award will help Gamble return to her pre-loss condition [and] furthers the goals of the CPA to encourage private suits and deter State Farm from engaging in improper claims handling."). Here, the jury indisputably found that State Farm's bad faith claims handling resulted in actual damages far exceeding the statutory limit for trebling, and the Court should thus exercise its discretion and award the Andersons an additional $25,000.00.

**B.      The judgment must be amended to include prejudgment interest.**

Next, the Andersons move to amend the judgment under Rule 59(e) to include prejudgment interest on the jury's award of damages. *See Taie v. Ten Bridges LLC*, C21-0526-JCC, 2024 WL 1676798, at *1 (W.D. Wash. Apr. 18, 2024) (awarding prejudgment interest under Rule 59(e)) (citing *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175 (1989)). In a diversity action such as this one, while *post*-judgment interest accrues at the rate provided by federal law, an award of prejudgment interest is governed by state law. *See* 28 U.S.C. § 1961(a); *City of Blaine v. Golder Associates, Inc.*, No. C03-0813L, 2007 WL 858381, at *1 (W.D. Wash. Mar. 16, 2007) (citing *Onink v. Cardelucci,* 285 F.3d 1231, 1235 (9th Cir. 2002)).

PLAINTIFFS' MOTION FOR STATUTORY DAMAGES,
PREJUDGMENT INTEREST, ATTORNEY FEES,
AND NONTAXABLE COSTS - 4
ANDD02-000037- 6787674v3



805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98666
T: 360-696-3312 • F: 360-696-2122

Under Washington law, a party is entitled to prejudgment interest—as compensation for the lost use of funds of which they were wrongfully deprived—where the sum at issue is "liquidated." *Unigard Ins. Co. v. Mut. of Enumclaw Ins. Co.*, 160 Wash. App. 912, 925, 250 P.3d 121, 128 (2011) (*citing Weyerhaeuser Company v. Commercial Union Insurance Company,* 142 Wn.2d 654, 685, 15 P.3d 115 (2000). A "liquidated claim" is one based on evidence that "if believed, makes it possible to compute the amount due with exactness, without reliance on opinion or discretion." *Id.* (citing *Weyerhaeuser*, 142 Wn.2d at 685). In other words, an award of damages is liquidated where it can be determined by a "fixed standard," rather than by the "opinion or discretion of the judge or jury." *Reynolds Metals Co. v. Alcan, Inc.*, C04-0175-RJB, 2006 WL 1806186, at *2 (W.D. Wash. June 29, 2006) (citations omitted).

Courts in this district have awarded prejudgment interest on facts nearly identical to those presented here. In *MKB Constructors v. American Zurich Insurance*, for example, Judge Robart awarded prejudgment interest on a verdict against an insurer for contract damages and out-of-pocket legal expenses paid by the plaintiff after the defendant insurer wrongfully denied coverage. Case No. C13–0611JLR, 83 F. Supp. 3d 1078, 1082 (W.D. Wash. 2015) ("American Zurich does not dispute that these components of the judgment are liquidated sums."). Similarly, in *RSUI Indemnity Company v. Vision One, LLC*, Judge Lasnik awarded prejudgment interest where—like here—the insured plaintiff was forced to pay out-of-pocket toward the settlement of an underlying lawsuit for which the insurer wrongfully denied coverage. Case No. C08–1386-RSL; 2013 WL 662966, at *4–5 (W.D. Wash. Feb. 21, 2013) (noting the right to prejudgment interest is "based upon the view that one who has had the use of money owing to another should in justice make compensation for its wrongful detention." (*citing Prier v. Refrigeration Eng'g Co.*, 74 Wn.2d 25, 442 P.2d 621 (1968)).

//

PLAINTIFFS' MOTION FOR STATUTORY DAMAGES, PREJUDGMENT INTEREST, ATTORNEY FEES, AND NONTAXABLE COSTS - 5
ANDD02-000037- 6787674v3

LANDERHOLM
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98666
T: 360-696-3312 • F: 360-696-2122

Here, the jury's award of damages to the Andersons is indisputably a liquidated sum subject to prejudgment interest. The evidence at trial established that the Andersons incurred a loss of precisely $1,000,000 when they wrote a check in that amount to Trejo as contribution toward settlement of her claims. *See* Pls.' Trial Ex. 32. The specific sum of the jury's award leaves no question that it was based on the documentary evidence of the Andersons' loss—the amount of which was computable without regard to any subjective standard or opinion—and therefore subject to prejudgment interest to compensate the Andersons for the lost use of that money in the years following, until they prevailed at trial. *Unigard Ins. Co.*, 160 Wash. App. at 925; *Reynolds Metals Co.*, 2006 WL 1806186 at *2.

Under Washington law, the rate applicable to an award of prejudgment interest depends on the nature of the underlying claim. Where, as here, the claims sound primarily in tort—including negligence and bad faith—the applicable interest rate is two percentage points above the prime rate on the first day of the calendar month preceding entry of judgment (8.50% in this case, yielding a prejudgment interest rate of 10.5% per annum, or 0.028767% per day).[1] *See MKB Constructors*, 83 F. Supp. 3d at 1083–84 (citing Wash. Rev. Code § 4.56.110(3)(b)). In cases such as this one, involving settlement of an underlying claim, interest is calculated from the date of payment. *King County v. Puget Sound Power & Light Co.*, 70 Wash. App. 58, 62, 852 P.2d 313 (1993) ("The obligation to reimburse the indemnitee attaches the moment the indemnitee makes the payment that the indemnitor was obligated under its agreement to make, and, the amount of that payment being certain, interest commences to run from that date."); *Polygon Nw. Co. v. Am. Nat. Fire Ins. Co.,* 143 Wash. App. 753, 766, 189 P.3d 777, 784 (2008). Calculated from December 3, 2018—the date on which the Andersons

---

[1] *See Money Rates,* WALL STREET JOURNAL, https://www.wsj.com/market-data/bonds/moneyrates (last visited May 23, 2024).

PLAINTIFFS' MOTION FOR STATUTORY DAMAGES, PREJUDGMENT INTEREST, ATTORNEY FEES, AND NONTAXABLE COSTS - 6
ANDD02-000037- 6787674v3

LANDERHOLM
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98666
T: 360-696-3312 • F: 360-696-2122

1  contributed $1,000,000 to the Trejo settlement—until May 16, 2024, prejudgment
2  interest totals $572,750.97, which should be added to the amount of the judgment.

3  **C.     The Andersons are entitled to recover their reasonable attorney fees.**

4  Next, the Andersons are entitled to an award of reasonable attorney fees
5  incurred in this litigation under Washington law. *See Klopfenstein v. Pargeter*, 597 F.2d
6  150, 152 (9th Cir. 1979) ("In a diversity action the question of attorney's fees is
7  governed by state law." (citation omitted)). First, under the CPA, the Andersons are
8  entitled to recover their actual and statutory damages "together with the costs of the
9  suit, *including a reasonable attorney's fee*." Wash. Rev. Code § 19.86.090 (emphasis
10 added). Second, under the Washington Supreme Court's decision in *Olympic
11 Steamship*, an insured who prevails in demonstrating that an insurance company acted
12 in bad faith may recover reasonable attorney fees and "**all** of the expenses necessary to
13 establish coverage." *MKB Constructors*, 83 F. Supp. 3d at 1091 (citing *Panorama
14 Village*, 144 Wash.2d at 144 (bolding in original)). Such an award serves to remedy
15 "inequity" by "requiring that the insured be made whole." *Panorama Village*, 144
16 Wash.2d at 143–44 (citing *McGreevy v. Oregon Mut. Ins. Co.*, 128 Wn.2d 26, 40, 904
17 P.2d 731, 738 (1995); *Olympic S.S. Co.*, 117 Wn.2d at 52 ("When an insured purchases
18 a contract of insurance, it seeks protection from expenses arising from litigation, not
19 'vexatious, time-consuming, expensive litigation with his insurer.'").

20 Courts calculate an award of reasonable attorney fees using the "lodestar"
21 method. *D'Emanuele v. Montgomery Ward & Co.*, 904 F.2d 1379, 1383 (9th Cir. 1990);
22 Talmadge Decl., ¶ 6. The lodestar is the product of the number of hours reasonably
23 expended on a matter multiplied by the reasonable hourly rate. *MKB Constructors*, 83
24 F. Supp. 3d at 1085 (citing *Bowers v. Transamerica Title Ins. Co.,* 100 Wn.2d 581, 597,
25 675 P.2d 193, 203 (1983). There is a "strong presumption" that the lodestar represents a
26 reasonable fee award, although the trial court maintains discretion to modify it in

PLAINTIFFS' MOTION FOR STATUTORY DAMAGES,
PREJUDGMENT INTEREST, ATTORNEY FEES,
AND NONTAXABLE COSTS - 7
ANDD02-000037- 6787674v3



805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98666
T: 360-696-3312 • F: 360-696-2122

appropriate circumstances. *D'Emanuele,* 904 F.2d at 1383. Here, the record establishes that the lodestar of $371,958.00 is reasonable and should be awarded in full. *See* Talmadge Decl., ¶¶ 7–9.

1. **The time spent by the Andersons' counsel was reasonable.**

To begin, the time spent by the Andersons' counsel in this matter was reasonable and should be compensated in full. Prosecuted over a term of four years, the Andersons' bad faith and CPA claims required them to demonstrate State Farm's misconduct in Carol Funk's slipshod investigation of Trejo's alleged injuries, inextricably linked to their other claims, including with regard to State Farm's negligent failure to procure adequate coverage, which left the Andersons' exposed to significant excess liability when Trejo eventually brought suit. Proving these claims required extensive discovery and several pretrial motions, and culminated in a five-day trial held over two weeks that included the testimony of six witnesses and more than 50 trial exhibits. *See* Dkt. 101. Particularly in light of the substantial stakes, bringing these claims at trial necessitated considerable time and effort, totaling 1,295.90 hours of attorney and compensable non-attorney time, contemporaneously documented in the fee itemizations attached to the declarations of counsel.[2]

Moreover, as is their obligation under any fee request, the Andersons' counsel have exercised billing judgment and reduced the amount of their fee request for time spent on arguably unsuccessful efforts, namely the Andersons' earlier motion for summary judgment and their defense of State Farm's motion for summary judgment on their claims under Washington's Insurance Fair Conduct Act (IFCA).[3] *See Scott Fetzer*

---

[2] The Andersons similarly incurred reasonable attorney fees preparing this motion, which must be compensated so as not to unfairly dilute the award.[2] *Fisher Properties, Inc. v. Arden-Mayfair, Inc.*, 115 Wn.2d 364, 378, 798 P.2d 799, 807 (1990). The Andersons expect to incur additional fees after the date this motion is finalized, and reserve the right to set forth those amounts in the reply brief.

[3] Under Washington law, the trial court should deduct fees spent on unsuccessful claims, unless the claims were "so related that no reasonable segregation of successful and unsuccessful claims can be made." *MKB Constructors*, 83 F. Supp. 3d at 1089 (citing *Hume v. Am. Disposal Co.*, 124 Wn.2d 656,

PLAINTIFFS' MOTION FOR STATUTORY DAMAGES,
PREJUDGMENT INTEREST, ATTORNEY FEES,
AND NONTAXABLE COSTS - 8
ANDD02-000037- 6787674v3

LANDERHOLM
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98666
T: 360-696-3312 • F: 360-696-2122

*Co. v. Weeks,* 122 Wn.2d 141, 156-157, 859 P.2d 1210 (1993) (quoting *Hensley v. Eckerhart*, 461 .S. 424, 437, 103 S.Ct. 1933, 1941 (1983); *see also MKB Constructors*, 83 F. Supp. 3d at 1091 (reducing an award of attorney fees for the hours counsel spent on unproductive pretrial activities and unsuccessful claims). The Andersons acknowledge that the fees and costs incurred in the parties' cross-motions for summary judgment did not directly contribute to the jury verdict, and have accordingly omitted those from the fees for which they seek compensation, as well as non-legal clerical and administrative. Vance Decl., ¶ 11; Smith Decl., ¶

The Andersons also incurred significant fees during the Trejo litigation, when they were forced to retain counsel to assist in efforts to compel State Farm to provide full benefits of coverage while ensuring their personal interests were protected. *See* Vance Decl., ¶ 13, Ex. C. As set forth in accompanying declaration of counsel, these efforts—totaling 163.9 hours and $46,985.50 in fees—were reasonable and necessary in light of the Andersons' substantial exposure. *Id.* On similar facts, courts in this district have awarded attorney fees incurred by counsel who did not appear in the litigation against an insurer, but who provided "extrajudicial efforts to obtain coverage . . . under the [] policy at issue." *IDS Prop. & Cas. Ins. Co. v. Fellows*, C15-2031 TSZ, 2017 WL 4122565, at *2 (W.D. Wash. Sept. 15, 2017). Here, the fees incurred in the Trejo litigation should compensated in full to ensure the Andersons are made whole, particularly given the jury's finding that State Farm wrongfully denied them the benefits of coverage that would have obviated those expenses entirely. *Panorama Vill.*, 144 Wn.2d at 144 ("The insured must therefore be compensated for **all** of the expenses necessary to establish coverage as part of those attorney fees which are reasonable.")

---

673, 880 P.2d 988, 997 (1994)). Here, although the Andersons have omitted time spent on the parties' cross-motions for summary judgment, including State Farm's motion to dismiss their IFCA claim, the facts and legal theories underlying that claim were inseparably intertwined with the Andersons' negligence, bad faith, and CPA claims, and thus cannot be reasonably segregated.

PLAINTIFFS' MOTION FOR STATUTORY DAMAGES,
PREJUDGMENT INTEREST, ATTORNEY FEES,
AND NONTAXABLE COSTS - 9
ANDD02-000037- 6787674v3



LANDERHOLM

805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98666
T: 360-696-3312 • F: 360-696-2122

As Retired Washington Supreme Court Justice Phillip Talmadge explains in his declaration, the hours spent by Andersons' counsel were reasonable in a case of this magnitude and complexity. Talmadge opines that the substantial efforts by the Andersons' counsel were made necessary by the complex nature of their claims—both with respect to the length of time and complicated facts involved—and included substantial pretrial discovery and motions practice. *See* Talmadge Decl., ¶ 9. Moreover, preparing the case for trial required the Andersons' counsel to clarify the issues and make them understandable to jurors, likewise requiring considerable effort that culminated in the jury's unanimous verdict awarding complete relief on all claims. *Id.* Drawing on his extensive experience at both bench and bar, Talmadge explains that the hours and fees incurred by the Andersons' counsel are sufficiently documented, were reasonable and necessary in light of the issues presented in this litigation, and should be compensated in full to ensure the Andersons are made whole. *Id.* at ¶¶ 7–9.

**2.    The rates charged by the Andersons' counsel are reasonable.**

The rates charged by the Andersons' counsel are reasonable and in line with those charged in this district. "Where the attorneys in question have an established rate for billing clients, that rate will likely be a reasonable rate." *Bowers*, 100 Wn.2d at 597. In this case, the rates charged by the Andersons' counsel are the same or lower than the rates routinely paid by their respective clients. As detailed in the accompanying fee itemizations, Landerholm, P.S. billed at rates of between $285.00 per hour for a first-year associate and $505.00 per hour for Joseph Vance, a trial attorney and shareholder with nearly 30 years of experience, as well as lower rates billed by non-attorney staff performing supervised, quasi-legal work. Vance Decl., ¶¶ 4–11.[4]   Notably, Brad

---

[4] In light of the extensive efforts required to prosecute their meritorious claims, time spent at trial by eighth-year associate Jason Rosenbaum was billed at heavily discounted rate of just $225.00 (equal to that of a paralegal), while Rosenbaum's other time spent on this matter was billed at his regular hourly rate of $325. *See* Vance Decl., ¶ 9.

PLAINTIFFS' MOTION FOR STATUTORY DAMAGES,
PREJUDGMENT INTEREST, ATTORNEY FEES,
AND NONTAXABLE COSTS - 10
ANDD02-000037- 6787674v3

LANDERHOLM
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98666
T: 360-696-3312 • F: 360-696-2122

Smith—a trial attorney with 40 years of experience and specialized expertise in bad faith insurance litigation—billed at a rate of just $275.00 per hour, considerably lower than rates prevailing in this district. Smith Decl. ¶¶ 2–5. Given these conservative rates and conscious efforts to delegate work to attorneys with lower billing rates where feasible, the Andersons' counsel charged a blended rate of approximately $305—an eminently reasonable amount given the nature of this case and prevailing rates in the local legal community, as Justice Talmadge explains in his declaration. *See* Talmadge Decl., ¶ 8; *D'Emanuele*, 904 F.2d at 1384.

In short, the investment of time by the Andersons' counsel, while substantial, was reasonable and necessary to the results achieved in this matter—complete relief on all claims tried to the jury, and the lodestar of $371,958.00 should be awarded in full.

**D.     The Andersons are entitled to recover nontaxable litigation costs.**

Finally, the Andersons are entitled to recover nontaxable litigation costs that were necessarily incurred prosecuting their claims against State Farm.[5] Washington courts have long held that, under *Olympic Steamship* and its progeny, an "insured must [] be compensated for **all** of the expenses necessary to establish coverage as part of those attorney fees which are reasonable." *Panorama Village*, 144 Wn.2d 130, 144 (2001) (emphasis in original); *see also McGreevy,* 128 Wn.2d at 40 (noting that *Olympic Steamship* remedies the "inequity" caused by an insurer's placing of its interests above the insured "by requiring that the insured be made whole"). As the Washington Supreme Court has explained, the "[f]ailure to reimburse expenses would often eat up whatever benefits the litigation might produce," disincentivizing meritorious claims and undermining the public policy of encouraging insurers to abide by legal and contractual duties. *See Panorama Village*, 144 Wn.2d 130 (quoting *Louisiana-Pac. Corp. v. Asarco Inc.,* 131 Wn.2d 587, 606, 934 P.2d 685 (1997)).

---

[5] A motion for taxable costs has been submitted separately to the clerk contemporaneously with this motion, pursuant to Federal Rule of Civil Procedure 54(d)(1) and Local Civil Rule 54(d)(3).

PLAINTIFFS' MOTION FOR STATUTORY DAMAGES,
PREJUDGMENT INTEREST, ATTORNEY FEES,
AND NONTAXABLE COSTS - 11
ANDD02-000037- 6787674v3

LANDERHOLM
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98666
T: 360-696-3312 • F: 360-696-2122

Here, in addition to attorney fees detailed above, the Andersons incurred significant out-of-pocket costs prosecuting their claims against State Farm itemized in the accompanying declarations of counsel. For example, the Andersons incurred substantial expert witness fees for the work of Olie Jolstad and Danette Leonhardi, whose expert testimony was central to their success at trial. Moreover, the Andersons' counsel incurred out-of-pocket costs on travel and lodging for depositions held in Seattle and Virginia, as well as travel and lodging during trial in Tacoma. *See MKB Constructors*, 83 F. Supp. 3d at 1091–92 (awarding costs for necessary travel associated with discovery and attendance of witnesses at trial). These expenses were necessary and ultimately resulted in the Andersons' favorable verdict and, thus, are collectible under *Olympic Steamship* and its progeny.

Courts in this district have recognized that reimbursement of such costs is necessary to make an insured whole. For example, in *MKB Constructors*, Judge Robart permitted the recovery of a wide range of litigation costs, including costs incurred by attorneys while traveling to conduct depositions and hotel rooms for out-of-town witnesses during trial. *See* 83 F.Supp.3d at 1095-1096. While in *MKB Constructors* Judge Robart disallowed certain expenses that would have been incurred regardless of the litigation, here the Andersons' counsel had to travel extended distances to the Tacoma courthouse from their respective offices in southwest and eastern Washington. All told, the out-of-pocket expenses incurred by the Andersons were reasonable and necessary to establish their claims against State Farm. Under the Washington Supreme Court decisions *Panorama Village* and *Olympic Steamship*, it is incumbent upon this Court to make the Andersons whole for State Farm's bad faith conduct, and such costs should accordingly be awarded in full.

//

//

PLAINTIFFS' MOTION FOR STATUTORY DAMAGES, PREJUDGMENT INTEREST, ATTORNEY FEES, AND NONTAXABLE COSTS - 12
ANDD02-000037- 6787674v3

LANDERHOLM
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98666
T: 360-696-3312 • F: 360-696-2122

## IV. CONCLUSION

To fully compensate the Andersons for the results of State Farm's negligence, bad faith, and violations of the CPA, the Court should award statutory treble damages of $25,000; prejudgment interest in the amount of $572,750.97; and reasonable attorney fees and non-taxable litigation costs totaling $460,893.06.

DATED this 30th day of May, 2024.

                LANDERHOLM, P.S.

                */s/ Phillip Haberthur*
                JOSEPH VANCE, WSBA #25531
                PHILLIP J. HABERTHUR, WSBA #38038
                JASON M. ROSENBAUM, WSBA #61903
                *Of Attorneys for Plaintiffs Dale and Leta Anderson*

PLAINTIFFS' MOTION FOR STATUTORY DAMAGES, PREJUDGMENT INTEREST, ATTORNEY FEES, AND NONTAXABLE COSTS - 13
ANDD02-000037- 6787674v3



LANDERHOLM
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA  98666
T: 360-696-3312 • F: 360-696-2122

## **CERTIFICATE OF SERVICE**

I certify that I electronically filed the foregoing **PLAINTIFFS' MOTION FOR STATUTORY TREBLE DAMAGES AND PREJUDGMENT INTEREST, REASONABLE ATTORNEYS' FEES, AND NONTAXABLE COSTS** was served electronically via this Court's CM/ECF case management system, upon all parties registered for such service for the above-numbered and above-captioned case, on May 30, 2024.

*/s/ Phillip Haberthur*
PHILLIP J. HABERTHUR, WSBA #38038

PLAINTIFFS' MOTION FOR STATUTORY DAMAGES,
PREJUDGMENT INTEREST, ATTORNEY FEES,
AND NONTAXABLE COSTS - 14
ANDD02-000037- 6787674v3



LANDERHOLM
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98666
T: 360-696-3312 • F: 360-696-2122