UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DALE AND LETA ANDERSON, HUSBAND AND WIFE; AND AS TRUSTEES FOR THE ANDERSON FAMILY TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>Defendant. | Case No. 3:20-CV-05119-DGE<br><br>DECLARATION OF PHILIP A. TALMADGE IN SUPPORT OF PLAINTIFFS' MOTION |

I, PHILIP A. TALMADGE, hereby state and declare:

1. <u>Declarant's Background</u>. I have been licensed to practice law in the State of Washington since 1976. I am admitted to the bar of the United States Supreme Court, the Federal and Ninth Circuits of the Court of Appeals, and the state and federal courts of Washington State. I was elected four times to the Washington State Senate, serving in that legislative body from 1979 to 1995. While a Washington State senator, I served fourteen years on the Judiciary Committee, chairing the Committee for seven of those years. I introduced bills relating to attorney fees in civil cases. I was elected to the Washington Supreme Court, where I served from 1995 to 2001. While serving as a justice, I wrote numerous opinions pertaining to fees in civil cases

Declaration of Philip A. Talmadge - 1

Talmadge/Fitzpatrick
2775 Harbor Avenue SW
Third Floor, Suite C
Seattle, WA 98126
(206) 574-6661

including *Mahler v. Szucs*, 135 Wn.2d 398, 957 P.2d 632 (1998), a case frequently cited on the calculation of reasonable attorney fees in fee-shifting situations.

I work principally in the appellate field, handling state and federal court appeals. I am a fellow of the American Academy of Appellate Lawyers, a national organization of appellate attorneys whose membership is by peer invitation only, and a member of the Washington Appellate Lawyers Association, an organization of Washington appellate lawyers whose membership is also by peer invitation only. I and my firm are rated "AV," the highest rating available, by Martindale Hubbell. I have been a Washington "Super Lawyer" since 2001.

I also have considerable interest and experience on attorney fees in civil litigation. From my professional and judicial experience, I am familiar with issues pertaining to awards of attorney fees in civil cases and where fees are awarded as a sanction. I am the author of *The Award of Attorney Fees in Civil Litigation in Washington*, 16 Gonz. L. Rev. 57 (1980), and the co-author of Attorney Fees in Washington, a treatise on attorney fees and the article *When Counsel Screws Up: The Imposition and Calculation of Attorney Fees as Sanctions*, 33 Seattle U. L. Rev. 437 (2010). I have spoken at numerous continuing legal education seminars on attorney fees. My practice and that of my firm has an emphasis on matters relating to the recovery of attorney fees, including the reasonableness of fees, and what is allowed to be recovered under the law for a party seeking fees under a fee-shifting contract, statute, or equitable principle.

I have served as an expert witness relating to attorney fees in both federal and state court, for both plaintiffs and defendants. I have been counsel on appeal in numerous cases involving attorney fees including, most recently, *Gordon v. Robinhood Financial, LLC*, __ Wn. App. 2d __, __ P.3d __, 2024 WL 19200332 (2024); *Bright v. Frank Russell Investments*, 191 Wn. App. 73,

Declaration of Philip A. Talmadge - 2

Talmadge/Fitzpatrick
2775 Harbor Avenue SW
Third Floor, Suite C
Seattle, WA 98126
(206) 574-6661

361 P.3d 245 (2015); *Tupas v. State, Dep't of Ecology*, 2015 WL 8160678 (2015); *Chism v. Tri-State Construction, Inc.*, 193 Wn. App. 818, 374 P.3d 193 (2016) and *Arnold v. City of Seattle*, 185 Wn.2d 510, 374 P.3d 111 (2016). My curriculum vitae is attached hereto as Exhibit 1.

2. <u>Materials Reviewed</u>. I was asked by counsel for the plaintiffs, Dale and Leta Anderson to offer my opinion on the reasonableness of the attorney fees and costs sought by their counsel in connection with this lawsuit. I have reviewed the Andersons' motion for attorney fees and nontaxable litigation costs, the accompanying declarations of Joseph Vance and Brad Smith declarations in support of the motion, as well as selected pleadings in both underlying matters, including various motion papers and trial briefs, to gain an understanding of counsel's activities in the case.

3. <u>Applicable Law</u>. The present case arises under Washington law, which controls on the Andersons' right to recover attorney fees and costs because this court sits in diversity jurisdiction. Washington law provides an exception to the American Rule on attorney fees where fees are authorized by statute, control, or recognized equitable grounds. *E.g.*, *Wagner v. Foote*, 128 Wn.2d 408, 417, 908 P.2d 884 (1996). With regard to the Andersons' claims under Washington's Consumer Protection Act, RCW 19.86 ("CPA"), a prevailing party is entitled to the recovery of its reasonable attorney fees. *See* RCW 19.86.090 (providing that a plaintiff who establishes a violation of Washington's CPA is entitled to recover actual and statutory damages "together with the costs of the suit, *including a reasonable attorney's fee*") (emphasis added). The Andersons are also entitled to recover reasonable attorney fees and litigation costs, as the prevailing parties on their claim for insurance bad faith, under *Olympic Steamship Company v. Centennial Insurance Company* and its progeny. 117 Wn.2d 37, 54, 811 P.2d 673 (1991) ("An

Declaration of Philip A. Talmadge - 3

Talmadge/Fitzpatrick
2775 Harbor Avenue SW
Third Floor, Suite C
Seattle, WA  98126
(206) 574-6661

insured who is compelled to assume the burden of legal action to obtain the benefit of its insurance contract is entitled to attorney fees[.]")

4. <u>RPC on Fees</u>. The general parameters for reasonable attorney fees in Washington are set forth in the Rules of Professional Conduct. RPC 1.5(a). The RPCs provide the appropriate context for analyzing whether a requested award of attorney fees is reasonable. *Scott Fetzer Co. v. Weeks*, 114 Wn.2d 109, 124, 786 P.2d 265 (1990). As the Washington Court of Appeals in *Berryman v. Metcalf*, 177 Wn. App. 644, 312 P.3d 745 (2013), stated, the lodestar fee must comply with ethical rules like RPC 1.5(a); at its most basic, the requested fee must be reasonable. *Id*. at 660.

5. <u>Nature of the Case</u>. As the Court is well aware, this case was hard-fought over more than four years of contentious litigation. I will not repeat the facts of the case, which are well known to the Court and summarized in the Andersons' fee petition. However, certain characteristics of the claims and issues in this case are relevant to my opinions in this matter, including the fact that the Andersons alleged wrongdoing by State Farm in both its failure to procure adequate coverage to protect their most significant risk-generating assets (namely their income-producing properties, including the apartment complex at which the alleged injuries underlying this case occurred) and by failing to properly handle Trejo's claims, once they were alleged. The complex nature of this case—as a function of both the length of time and complicated facts involved—necessitated substantial pretrial discovery and motions practice. Moreover, preparing the case for trial by clarifying the issues and making them understandable to jurors was a significant and difficult task, requiring considerable effort that culminated in the Andersons' success at trial.

Declaration of Philip A. Talmadge - 4

Talmadge/Fitzpatrick
2775 Harbor Avenue SW
Third Floor, Suite C
Seattle, WA 98126
(206) 574-6661

6. <u>Lodestar Calculation</u>. The default method for calculating a reasonable attorney fee in Washington is the "lodestar" methodology. *Mahler*, 135 Wn.2d at 434. Under the lodestar method, a court must first determine the reasonable number of hours expended on litigation. *Id*. at 434. Next, a court must consider the reasonable hourly rates of the attorneys actually billed to the clients. *Id*. The lodestar is derived by multiplying the reasonable hourly rates of the billing lawyers times the reasonable hours spent to achieve the result for the client. *Id*. An attorney fee request must be documented by contemporaneous time records. *Id*. While the documentation for fees need not be exhaustive, it must still be sufficient to enable a court to know the number of hours worked, the type of work performed, and the attorney performing the work. *Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 597, 675 P.2d 193 (1983). The burden of documenting the fee award rests entirely with the party seeking an award of attorney fees, *Mahler*, 135 Wn.2d at 433-34; *Berryman*, 312 P.3d at 753, and the Andersons met that burden.

7. <u>The Fee Documentation Here Is Adequate</u>. The time records from the Andersons' counsel, as attached to the declarations of Joseph Vance and Brad Smith, were contemporaneous time records that are sufficient to establish a right to recover fees under the standards set by Washington law. The time entries were generally meaningful and offer this Court sufficient information on the work that was actually performed by the referenced attorney or paralegal. While some time, such as that labeled "trial preparation" or the like could have been more expansive, this Court can certainly understand that in the midst of trial, a lengthy recitation of each step performed by counsel is not necessary nor productive. Further, the Andersons' counsel utilized paralegals and non-attorney staff to perform supervised, quasi-legal work, which was reasonable and appropriate to mitigate costs, and those hours are adequately documented. As

Declaration of Philip A. Talmadge - 5

Talmadge/Fitzpatrick
2775 Harbor Avenue SW
Third Floor, Suite C
Seattle, WA  98126
(206) 574-6661

such, it is my opinion that the documentation of fees by the Andersons' counsel is adequate for this Court to assess the reasonableness of their time.

8.     Hourly Rates. From my practice and my experience, I am familiar with the hourly rates of counsel in Washington. As indicated in the Vance declaration, the principal work on this matter was undertaken by the Landerholm firm, with Brad Smith of Etter, McMahon, Lamberson, Van Wert & Oreskovich, P.C. and Feltman Ewing, P.S. supporting the Landerholm firm's work before taking on a more significant role as the lead attorney at trial. Over the course of the case, the Landerholm firm billed the Andersons at rates ranging from $285 to $505 per hour, and at rates equal to those charged for a paralegal for time spent by an associate that played a supportive role during trial. These rates were reasonable for attorneys/paralegals of their background and experience in Clark County and are below the rates typically charged in Pierce and King County. The Etter McMahon and Feltman Ewing firms, meanwhile, billed the Andersons at rates ranging from $90 to $275.  These rates were reasonable for attorneys of their background and experience in Spokane County and are below the rates typically charged in Pierce and King County. Further, the various firms utilized paralegals and non-attorney staff billed at rates ranging from $60 to $150 per hour, which are reasonable and in line with those charged in King and Pierce Counties.

9.     Hours Spent in the Case. Having reviewed the fee itemizations prepared by the Andersons' counsel, it is my opinion that the hours for which they request an award of fees is reasonable. As noted above, the time spent by the Andersons' counsel was particularly reasonable for a matter that was as complex and challenging as this one—in short, this was not a routine insurance case dealing with basic questions of coverage, but rather a case involving both the bad faith conduct of an adjuster and the negligence of insurance agents, inextricably linked theories

Declaration of Philip A. Talmadge - 6

premised on relevant facts spanning many years. Presenting these facts in a clear and understandable manner to the jury—which unanimously found in the Andersons' favor on all claims—was a time-intensive task which the Andersons' counsel handled effectively and efficiently, and which was preceded by substantial pretrial work that culminated in complete relief on the claims presented at trial.

Generally, in calculating a lodestar fee, as noted in *Mahler*, 135 Wn.2d at 434, time spent on activities for which fees are not recoverable, and time that is duplicative or wasteful, must be excised from the fee request. That obligation falls on the party seeking fees; it is inappropriate to merely lay claim to all of the hours spent on a case and ask a busy Court to sort out what is recoverable. *Berryman*, 177 Wn. App. at 657 Here, I note that the Andersons' counsel have appropriately discounted certain time spent on arguably unsuccessful efforts, namely a pretrial round of cross-motions for summary judgment which resulted in the dismissal of the Andersons' claim under Washington's Insurance Fair Conduct Act, RCW 48.30.015 ("IFCA"), as well as certain non-compensable staff time spent on administrative tasks. These discounts reflect that the Andersons' counsel have exercised appropriate billing judgment in preparing their fee itemizations, as Washington courts have held is required. *See Scott Fetzer Co. v. Weeks*, 122 Wn.2d 141, 156-157, 859 P.2d 1210 (1993). I further note that the Andersons' counsel applied a discounted hourly rate to time spent by an associate assisting their lead counsel at trial, similarly reflecting the exercise of billing judgment.

While discounts for time spent on the summary judgment briefing is appropriate, time spent on tasks partially related to the unsuccessful IFCA claim was closely related to the other claims on which the Andersons' prevailed. Segregation of fees is unnecessary where the case

Declaration of Philip A. Talmadge - 7                         Talmadge/Fitzpatrick
                                                              2775 Harbor Avenue SW
                                                              Third Floor, Suite C
                                                              Seattle, WA  98126
                                                              (206) 574-6661

involves a common core of operative facts that makes segregation difficult, if not impossible. *Bright*, 191 Wn. App. at 81-83; *Miller v. Kenny*, 180 Wn. App. 772, 823-25, 325 P.3d 278 (2014). "The trial judge is in the best position to determine the proper lodestar amount." *Id.* at 825. Here, other than the time spent on tasks on which the Andersons did not prevail (i.e., the cross-motions for summary judgment), the segregation of time in this matter would be impossible where the facts were relevant to all of the Andersons' theories of recovery. *See also*, *Hume v. Am. Disposal Co.*, 124 Wn.2d 656, 673, 880 P.2d 988, 997 (1994).

In addition, the Andersons have itemized the fees they incurred for personal counsel to represent them in the underlying Trejo litigation, in which the attorneys at Landerholm sought to compel State Farm to provide the benefit of full coverage for Trejo's claim and to ensure the Andersons' personal interests were adequately protected. These fees—which would not have been necessary if State Farm had extended the full benefit of coverage that the jury found it should have provided—are adequately documented in the Vance declaration, were reasonable and necessary given the Andersons' substantial exposure to damages, should be included in the award to the Andersons to ensure they are fully made whole from the consequences of State Farm's wrongdoing.

In sum, it is my opinion that the time spent by the Andersons' counsel and their paralegals should not be artificially limited. Rather, all of the theories at issue here arose out of a common nucleus of facts. Further, I do not believe that the Andersons' counsel engaged in duplicative or wasteful activities because three firms were involved or multiple attorneys from those firms were involved. The time expended by the Andersons' counsel here was necessitated by the complexity

Declaration of Philip A. Talmadge - 8

Talmadge/Fitzpatrick
2775 Harbor Avenue SW
Third Floor, Suite C
Seattle, WA 98126
(206) 574-6661

of the issues in dispute and State Farm's robust defense. In my opinion, the hours requested are reasonable under the circumstances of this case to secure the Andersons' successful result.

10. <u>Costs</u>. Finally, under *Olympic S.S. v. Centennial Ins. Co.*, 117 Wn.2d 17, 811 P.2d 673 (1991), creating an equitable right to recover fees in insurance cases, the Andersons are entitled to recover out-of-pocket expenses beyond those ordinarily permitted in federal litigation. Recoverability of those costs is determined by the principle, articulated by the Washington Supreme Court in *Panorama Village Condo. Owners Ass'n Bd. of Dir. v. Allstate Ins. Co.*, 144 Wn.2d 130, 26 P.3d 910 (2001), that reimbursement of all expenses is necessary to make the prevailing party whole: "It is the purpose of the Olympic Steamship exception to make an insured whole when he is forced to bring a lawsuit to obtain the benefit of his bargain with an insurer. To make such plaintiffs whole, 'reasonable attorney fees' must, by necessity, contemplate expenses other than merely the hours billed by an attorney." *Id*. at 144. As the Washington Supreme Court has further explained, the "[f]ailure to reimburse expenses would often eat up whatever benefits the litigation might produce and additionally impose a backbreaking burden upon the small, but justified, litigants." *Id*. at 130 (*quoting Louisiana-Pac. Corp. v. Asarco Inc.*, 131 Wn.2d 587, 606, 934 P.2d 685 (1997)).

Here, as detailed in the Vance declaration, the Andersons incurred significant litigation costs outside the scope of 28 U.S.C. § 1920 that were necessary to establish their claims at trial. These costs include the expert witness fees for Olie Jolstad and Danette Leonhardi, whose expert reports and testimony were needed to prove the Andersons' claims, and travel and lodging fees for depositions held in Seattle and trial held in Tacoma. Having reviewed the itemization of such costs presented in the exhibits to the Vance and Smith declarations, it is my opinion that such

Declaration of Philip A. Talmadge - 9

Talmadge/Fitzpatrick
2775 Harbor Avenue SW
Third Floor, Suite C
Seattle, WA 98126
(206) 574-6661

costs were reasonable and appropriate, and should be compensated in full under the expanded scope of attorney fees set forth in *Panorama Village*.

**I CERTIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF WASHINGTON THAT THE FOREGOING IS TRUE AND CORRECT.**

DATED: May 29, 2024

AT: Seattle, Washington

<u>/s/ Philip A. Talmadge</u>
PHILIP A. TALMADGE

Declaration of Philip A. Talmadge - 10

Talmadge/Fitzpatrick
2775 Harbor Avenue SW
Third Floor, Suite C
Seattle, WA 98126
(206) 574-6661

# EXHIBIT 1

PHIL TALMADGE

PERSONAL

Married to Darlene Talmadge
Five children: Adam, Matt, Jess, Jon, and Annemarie

EDUCATION

National Merit Scholar
B.A. (magna cum laude with high honors in Political Science), Yale University, 1973
J.D., University of Washington, 1976; Law Review, Editor

EMPLOYMENT

Talmadge/Fitzpatrick, 2019 to date
Talmadge/Fitzpatrick/Tribe, 2015 to 2019
Talmadge/Fitzpatrick, 2008 to 2014
Talmadge Law Group PLLC, 2003 to 2008
Talmadge & Stockmeyer PLLC, 2001 to 2003
Washington State Supreme Court, 1995 to 2001 (chaired Budget and Judicial
    Information System Oversight Committees)
State Senator, 1979 to 1995 (chaired Senate Judiciary Committee 1981, 1983 to 1987
    and Senate Health and Human Services Committee 1992 to 1995; served on
    Senate Ways and Means Committee 1981, 1983 to 1995)
Attorney/Shareholder, Talmadge and Cutler, P.S., 1989 to 1995
Attorney/Shareholder, Karr Tuttle Campbell, 1976 to 1989
Adjunct Faculty, Univ. of Wash., Seattle Univ. Schools of Law

PUBLICATIONS

Author:
"A New Approach to Statutory Interpretation in Wash.," 25 Seattle U. L. Rev. 179 (2001)
"Initiative Process in Wash.," 24 Seattle U. L. Rev. 1017 (2001)
"The Myth of Property Absolutism and Modern Government: The Interaction of Police
    Power and Property Rights," 75 Wash. L. Rev. 857 (2000)
"New Technologies and Appellate Practice," 2 Jrnl. of App. Prac. and Process 363 (2000)
"Understanding the Limits of Power: Judicial Restraint in General Jurisdiction Court
    Systems," 22 Seattle Univ. Law Review 695 (1999)
"Preface: Double Jeopardy in Washington and Beyond," 19 Seattle Univ. Law Review
    209 (1996)
"Product Liability Act of 1981: Ten Years Later," 27 Gonz. Law Review 153 (1992)
"Vision for Twenty-First Century Washington" (1989)
"Toward a Reduction of Washington Appellate Court Caseloads and More Effective Use
    of Appellate Court Resources," 21 Gonz. Law Review 21 (1985/86)
"Washington's Product Liability Law," 5 U.P.S. Law Review 1 (1981)
"Attorneys' Fees in Civil Litigation in Washington," 16 Gonz. Law Review 57 (1980)

"Due Process for Washington Public School Students," 50 Washington Law Review 675 (1975)

Co-Author:
"Amending Codes of Judicial Conduct to Impose Campaign Contribution and Expenditure Limits on Judicial Campaigns," 24 Va. J. Soc. Pol'y & L. 87 (2018)
"The Lodestar Method for Calculating a Reasonable Attorney Fee in Washington," 52 Gonz. L. Rev. 1 (2017)
"When Counsel Screws Up: The Imposition and Calculation of Attorney Fees as Sanctions," 33 Seattle U. Law Review 437 (2010)
"Attorney Fees in Washington" (2008)
"A Survey of Washington Medical Malpractice Law," 23 Gonz. Law Review 267 (1987/88)
"In Search of a Proper Balance," 22 Gonz. Law Review 259 (1986/87)
"Restructuring the Legislature: A Proposal for Unicameralism in Washington," 51 Washington Law Review 901 (1976)

Editor:
"Symposium: Law and the Correctional Process in Washington," 51 Washington Law Review 491-790 (1976s

## SPECIAL AWARDS

WSTLA, 1983 Legislator of the Year
Alliance of Children, Youth and Families, Legislator of the Year 1985, 1986
Washington Council on Crime and Delinquency, Outstanding Public Official 1987
Award, Washington State Patrol Troopers Association, 1989
Washington Psychological Association, Health Care Award 1993
WSTLA, 1999 Appellate Court Judge of the Year
University of Washington School of Law, Washington Law Review Outstanding Alumnus Achievement Award 1999

## COMMUNITY INVOLVEMENT

Active in adult baseball

## PROFESSIONAL INVOLVEMENT

Fellow, American Academy of Appellate Lawyers
Member, King County, Washington State, and American Bar Associations
Member, Washington Association of Appellate Lawyers
Admitted to bar: Washington State
    United States District Court, Western Washington
    United States Court of Appeals, 9th and Federal Circuits
    United States Supreme Court
Washington "Super Lawyer"
Martindale-Hubbell rating: AV

2